IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| INVESTORS CAPITAL CORP.; and <br> OKE ANANABA, <br><br> Plaintiffs, <br><br> v. <br><br> DUNCAN-WILLIAMS, INC.; <br> E-D CAPITAL, INC.; and Fictitious <br> Defendants "A", "B", and "C", being <br> those corporations, persons, and/or other <br> legal entities whose identities are as of yet <br> unknown to the Plaintiffs, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 2:06CV382-D |

## NOTICE OF REMOVAL

Defendants Duncan-Williams, Inc. and E-D Capital, Inc. file this Notice of Removal in this action on the basis of the following facts that demonstrate subject matter jurisdiction in this Court:

1. This action was commenced by plaintiffs Investors Capital Corp. ("ICC") and Oke Ananaba in the Circuit Court of Barbour County, Alabama on March 21, 2006. (Copies of all process and pleadings filed in the state court are attached hereto as Exhibit A).

2. Both Defendants were served by certified mail with a Summons and Complaint on March 28, 2006. This Notice of Removal is timely because it is being filed within thirty days of March 28, 2006, the date of service of the initial pleading setting forth the purported claims for relief. 28 U.S.C. § 1446(b).

3. As more fully described below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the properly joined parties.

4. Plaintiff ICC is a corporation created by a Eufala, Alabama commercial loan brokerage firm for the purposes of submitting mortgage loan applications. Complaint ¶ 12. Plaintiff Oke Ananaba purports to be a broker who referred loan applications to ICC. Complaint ¶ 18. Defendant Duncan Williams is a Tennessee investment banking firm with its office in Memphis, Tennessee. (Affidavit of A.O. Crihfield, ¶ 2), attached hereto as Exhibit B. Defendant E-D Capital is a Memphis-based corporation formed for the purpose of entering into a loan funding program utilizing its own capital assets. *Id.*

**The Amount in Controversy Exceeds $75,000.00.**

5. In this action, ICC alleges that Defendants breached their obligations under a "Loan Program" with ICC to fund and syndicate mortgage loan applications brought to them by ICC. Complaint ¶ 9. ICC and Mr. Ananaba further assert that Defendants made fraudulent promises to fund mortgage loans, negligently failed to procure funding for those loans, and conspired to commit fraud and/or negligence.

6. The Complaint does not specify a monetary demand, but Plaintiffs seek to recover both compensatory and punitive damages. ICC seeks to recover for "[l]ost commissions from those loans which Defendants failed and/or refused to fund" and from "the re-sale of those loans which Defendants failed and/or refused to fund." Complaint ¶ 43. ICC also seeks to recover "[l]ost money from the investment of time, money and resources by ICC towards this project" and from "the payout and settlement of claims made upon and/or against ICC and its principals by loan applicants and/or their respective brokers as a result of the Defendants' failure and/or refusal to fund said loans." *Id.* Further, ICC seeks to recover for "[l]ost profits, both past and

future, resulting from the diminishment of ICC's reputation and good will within the commercial loan industry." *Id.* Mr. Ananaba seeks to recover for "lost commissions," "lost money from the investment of [his] time, money and resources. . .," and "lost profits, past and future resulting from the diminishment of [his] reputation and good will within the commercial loan brokerage industry." *Id.*

7. Plaintiffs' allegations of intentional conduct and the corresponding punitive damages they are seeking demonstrate that the amount in controversy clearly exceeds the jurisdictional minimum of $75,000.

### There is Complete Diversity Between the Properly Joined Parties

8. ICC is an Alabama corporation with its principal place of business in Alabama.

9. Duncan-Williams and E-D Capital are both Tennessee corporations with their principal place of business in Memphis, Tennessee.

10. Accordingly, there is complete diversity between Duncan-Williams and E-D Capital, both of which are foreign corporations, and ICC, which is the only plaintiff that is not fraudulently joined in this action.

### Oke Ananaba is Fraudulently Joined as a Plaintiff.

11. The loan funding arrangement referenced in the Complaint was reduced to writing in a letter agreement dated May 6, 2004 between ICC and E-D Capital. *See* Affidavit of A.O. Crihfield ¶ 3, attached hereto as Ex. A. The letter agreement gave E-D Capital a right of first refusal on all loans submitted by ICC that conformed to certain industry guidelines that were attached as an exhibit to the letter agreement. *Id.*[1]

---

[1] By its terms, the May 6, 2004 letter agreement did not create an exclusive relationship between ICC and E-D Capital or obligate E-D Capital to purchase any mortgage loan from ICC. E-D Capital's right of first refusal left ICC with the ability to simultaneously submit mortgage loans to other third party lenders and, if E-D Capital did not exercise its right of first refusal, ICC was free to do business with another lender. *See* Crihfield Affid. ¶ 4.

12. Mr. Ananaba, a Tennessee resident, was not a party to the letter agreement or any agreement entered into by Duncan-Williams or E-D Capital. *Id.* ¶ 5. Mr. Ananaba was not identified by name or description as a participant in the loan funding arrangement between ICC and E-D. *Id.* Mr. Ananaba's name does not appear on any mortgage loan document submitted by ICC to E-D Capital. *Id.*

13. No employee, agent, or representative of either Defendant has ever communicated with Oke Ananaba about any subject. *Id..* ¶ 6. Indeed, Defendants had never even heard of Mr. Ananaba until this lawsuit was filed. *Id.* Defendants never made any representations concerning the creation and/or implementation of a mortgage loan funding arrangement to anyone other than ICC employees Ronnie Weeks and Karen McClellan. *Id.* ¶ 5.

14. Duncan-Williams and E-D Capital had no reason to contemplate that Mr. Ananaba or a loan broker like Mr. Ananaba would have any role in the ICC loan funding arrangement. Ronnie Weeks represented that ICC would originate the loans that would be submitted to E-D Capital under the loan funding arrangement. This representation was put in writing in the May 6, 2004 letter agreement in the first sentence, which stated in part that E-D Capital "will purchase from [ICC] certain mortgage loans **originated by [ICC]** and transfer such mortgage loans to certain third parties ..." (emphasis added). No representative of ICC ever told Duncan Williams or E-D Capital that ICC would submit mortgage loans that had been originated by Mr. Ananaba or by any other third party.

15. Mr. Ananaba was fraudulently joined as plaintiff in this matter to destroy complete diversity. A removing party who alleges that a non-diverse plaintiff has been fraudulently joined must prove either "(1) the non-diverse plaintiff cannot state a cause of action against the defendants in state court (for example, where the non-diverse plaintiff's claims are

barred as a matter of law or the non-diverse plaintiff is not the real party in interest); or (2) the plaintiff has fraudulently pleaded jurisdictional facts to destroy complete diversity." *Hodach v. Caremark Rx, Inc.*, 374 F. Supp.2d 1222, 1224 (N.D. Ga. 2005) (citations omitted). Mr. Ananaba has been fraudulently joined as plaintiff because he cannot state a colorable claim against Defendants and therefore is not a real party in interest.

### Mr. Ananaba Has No Colorable Promissory Fraud Claim.

16. In support of his claim for promissory fraud, Mr. Ananaba alleges that he "relied upon the fraudulent promises made by the Defendants to ICC" and that he was damaged as a result. Complaint ¶ 33. Mr. Ananaba has not stated – nor can he state – a claim for promissory fraud against Defendants. To prevail on a promissory fraud claim under Alabama law, a plaintiff must demonstrate all of the elements of fraud (*i.e.* "[1] a false representation [2] of a material existing fact [3] reasonably relied upon by the plaintiff [4] who suffered damage as a proximate consequence of the misrepresentation") and must also offer "proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised" and "that the defendant had an intent to deceive." *Saia Food Distributors and Club, Inc. v. SecurityLink from Ameritech, Inc.*, 902 So. 2d 46, 56 (Ala. 2004) (*citing Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1160 (Ala. 2003).[2]

17. Mr. Ananaba has not identified and cannot identify a single representation – much less a *false* representation – that Defendants made to him. He does not allege any facts

---

[2] The May 6, 2004 letter agreement between ICC and E-D Capital provides that Tennessee law shall govern their dealings. To the extent that Tennessee's promissory fraud law is applicable, it is virtually identical. Plaintiff must show: (1) an intentional misrepresentation with regard to a material fact; (2) knowledge that the representation was false - or made "knowingly" or without belief in its truth or "recklessly" without regard to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) that the misrepresentation relates to an existing fact or past fact, or, if the claim is based on promissory fraud, then the misrepresentation must 'embody a promise of future action without the present intention to carry out the promise." *See Frankenbach v. Rose*, 2004 WL 221319, * 16 (Tenn. Ct. App.).

explaining why he reasonably relied upon the statement of a third party with which he has never communicated. Furthermore, Mr. Ananaba does not allege facts demonstrating that Defendants made any representation about a future act with a present intent to deceive him or ICC. Alabama courts have held that it is not enough for a plaintiff alleging promissory fraud to show that the promise was not kept. *See Goodyear Tire & Rubber Co. v. Washington*, 719 So. 2d 774, 776 (Ala. 1998). Instead, courts look for evidence such as direct statements indicating a present intent to defraud. *See id.*; *Purcell Co. v. Spriggs Enterprises, Inc.*, 431 So. 2d 515, 519 (Ala. 1983).

18. In situations where a "'third-party' fraudulent misrepresentation is alleged, statements to persons other than the plaintiff will support the fraud allegations only when there is sufficient evidence of an intent on the part of the speaker to communicate to the third party in such a way as to induce the plaintiff to act." *Seward v. Dickerson*, 844 So.2d 1207, 1212 (Ala. 2002) (*citing Thomas v. Halstead*, 605 So.2d 1181, 1185-85 (Ala. 1992)). In these cases, it is still incumbent upon the plaintiff to show reliance upon the alleged misrepresentation. *See Delta Health Group v. Stafford,* 887 So.2d 887, 899 (Ala. 2004). Mr. Ananaba has not alleged and will be unable to demonstrate that Defendants' representations to ICC were designed to induce him to originate loans for E-D Capital's consideration. As previously discussed and as confirmed in the May 6, 2004 letter agreement, Defendants had no reason to contemplate that Mr. Ananaba or any other third party would have any role in the ICC loan funding arrangement. E-D Capital only agreed to consider certain mortgage loans originated by ICC. No representative of ICC ever told Duncan Williams or E-D Capital that ICC would submit mortgage loans that had been originated by Mr. Ananaba or by any other third party. Accordingly, Mr. Ananaba cannot state a colorable claim against Defendants for promissory fraud.

19. To the extent Mr. Ananaba could maintain a promissory fraud claim against Defendants, it is deficient for the additional reason that Mr. Ananaba failed to plead the claim with particularity as required by Ala. R. Civ. P. 9(b). *See Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F.Supp. 1213, 1221 (S.D. Ala. 1990) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder). Mr. Ananaba's failure to even allege facts that support his claim that Defendants intended to deceive him is fatal to his claim.

20. Mr. Ananaba does not join in the breach of contract claim asserted by ICC in Count I of the Complaint, presumably because he concedes that he is not a party to any contract with E-D Capital or Duncan-Williams. Under Alabama's Statute of Frauds, the absence of a written contract between Mr. Ananaba and the Defendants prevents him from pursuing a promissory fraud claim arising out of the same facts. Under Alabama Code § 8-9-2(1), every contract that has a stated term of more than one year must be in writing.[3] The May 6, 2004 letter agreement between ICC and E-D Capital states that it is for a term of three years. This statute thus bars Mr. Ananaba from asserting a contract claim, even if he had direct oral communications dealings with the Defendants, because he has no written contract signed by the Defendants. This same fact is fatal to a promissory fraud claim, under *Bruce v. Cole,* 854 Ala. 47 (Ala. 2004). In the *Bruce* decision, the Alabama Supreme Court held that "an oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud." *Id.* at 58. The Statute of Frauds and the law of promissory fraud combine to create an independent reason why Mr. Ananaba has no colorable fraud claim against the Defendants.

---

[3] Tennessee Code § 29-2-101 also requires that a contract for a stated term of more than one year must be written.

### Mr. Ananaba Has No Colorable Claim For Negligence, Wantonness, or Willfulness.

21.    Mr. Ananaba next claims that Defendants "owed [him] a duty of care in their receipt, review, assessment, and determination of the suitability of the loan applications which were processed and submitted by ICC" and that the Defendants "negligently, wantonly and/or willfully breached said duty of reasonable care." Complaint ¶¶ 36-37.

22.    In order to state a claim for negligence, a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff. *Zanaty Realty, Inc. v. Williams*, 1040625 WL (AL 2005). "Wantonness involves the 'conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.'") (*quoting Alfa Mut. Ins. Co. v. Roush*, 723 So.2d 1250, 1256 (Ala.1998)) (emphasis omitted).

23.    Defendants did not owe Mr. Ananaba any duty. Indeed, as noted above, Defendants have never communicated with Mr. Ananaba and had never even heard of him before this lawsuit was filed. During the course of ICC's discussions with Defendants about a mortgage loan funding arrangement, ICC never told Defendants that it would submit loans originated by any third party, including Mr. Ananaba, as part of the loan funding arrangement contemplated by the parties. (Aff. ¶ 7). Defendants never agreed to do business with Mr. Ananaba or anyone other than ICC. (Aff. ¶ 8). ICC represented, and Defendants understood, that ICC was solely responsible for fulfilling its duties under the loan funding arrangement. (Aff. ¶ 9). ICC never revealed to Defendants that Mr. Ananaba or any other person would be involved in the process of submitting mortgage loans to Defendants. (Aff. ¶¶ 6, 10). Thus, Mr.

Ananaba was neither a direct participant nor was he foreseeable to Defendants, so Defendants did not owe him any duty. Without the existence of a duty, Mr. Ananaba's negligence, wantonness, and willfulness claims fail as a matter of law.

### Mr. Ananaba Has No Colorable Conspiracy Claim.

24.     Mr. Ananaba also attempts to state a claim for conspiracy. Complaint ¶ 40. Alabama courts have long recognized that "'[w]here civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.'" *Thompson Properties 119 AA 370 Ltd. v. Birmingham Hide and Tallow Co., Inc.*, 897 So. 2d 248, 267 (Ala. 2004) (*quoting Louisville & N.R. Co. v. National Park Bank*, 65 So. 1003 (Ala. 1914); *Humphrey v. Terry*, 89 So. 607 (Ala. 1921); *O'Dell v. State ex rel. Patterson*, 117 So. 2d 164, 168 (Ala. 1959). Stated differently, "[a] conspiracy cannot exist in the absence of an underlying tort." *Avis Rent A Car Systems, Inc. v. Heilman*, 876 So. 2d 1111, 1124 (Ala. 2003) (*quoting Willis v. Parker*, 814 So. 2d 857, 867 (Ala. 2001)). Thus, if the underlying wrong does not provide a cause of action, then neither does the conspiracy. *See id.* (*quoting Jones v. BP Oil Co.*, 632 So. 2d 453, 439 (Ala. 1993).

25.     As has been previously discussed, Mr. Ananaba cannot point to any underlying tort that Defendants have committed against him. Thus, he cannot state a cause of action for civil conspiracy.

### Conditional Request for Limited Jurisdictional Discovery

26.     For the reasons stated above, Oke Ananaba is not a proper plaintiff in this action because he has no colorable claims against the Defendants. To the extent this Court has any question about whether Mr. Ananaba has therefore been fraudulently joined, Defendants respectfully request that the Court permit Defendants to conduct limited jurisdictional discovery.

27.  This Court has recently permitted limited discovery in a removed case to determine whether a party was fraudulently joined. In *Mary Bloodsworth, et al. v. Smith & Nephew, et al.*, 2005 U.S. Dist. LEXIS 38756 (M.D. Ala. 2005), this Court found that the Plaintiffs' fraud claim against a non-diverse defendant was not pleaded with sufficient particularity and that the removing defendant's evidence of fraudulent joinder was not "sufficiently specific" for the Court to determine whether or not it had diversity jurisdiction *See* Memorandum Order and Opinion, page 28, attached as Exhibit C. After permitting limited discovery into the claims asserted by the non-diverse defendant, the Court dismissed the non-diverse defendant and denied the motion to remand.

**Procedural Requirements**

28.  Plaintiffs' Complaint includes several fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

29.  Both named Defendants join in and consent to this removal.

30.  Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending.

31.  No previous application has been made for the relief requested herein.

32.  This Notice of Removal has been served on all named parties to the removed case.

33.  A written Notice of Filing Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court for the Circuit Court of Barbour County, Alabama, and will be served upon the Plaintiffs, as required by 28 U.S.C. § 1446(d).

34.  Defendants respectfully request an opportunity to brief these issues further and to present oral argument in response to any motion to remand.

Respectfully submitted,

*/s/ Melinda J. Lucas*

Luther M. Dorr, Jr.
Melinda J. Lucas

Attorneys for Duncan Williams, Inc. and
E-D Capital, Inc.

OF COUNSEL:
**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: 205.254.1000
Facsimile: 205.254.1999

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the above and foregoing upon all parties to this cause by depositing a copy of the same in the United States mail, first-class postage prepaid this the __ day of April, 2006, to the following:

M. Adam Jones
Morris, Cary, Andrews, Talmadgf, Jones & Driggers, LLC
P.O. Box 1649
3334 Ross Clark Circle
Dothan, AL 36302

Shane Seaborn
P.O. Box 688
Clayton, AL 36016

_____
OF COUNSEL