# EXHIBIT A

## IN THE CIRCUIT COURT FOR BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

INVESTORS CAPITAL CORP.; and )
OKE ANANABA; )
                                   )
      Plaintiffs, )
                                   )
vs. )     Case No. CV-2006-____
                                   )
DUNCAN-WILLIAMS, INC.; )  **JURY TRIAL DEMANDED**
E-D CAPITAL, INC.; and )
Fictitous Defendants "A", "B" and "C", )
being those corporations, persons, and/or )
other legal entities whose identities are )
as of yet unknown to the Plaintiffs, )
                                   )
      Defendants. )

**FILED MAR 21 2006**
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

### COMPLAINT

COME NOW the Plaintiffs in the above-styled matter, by and through counsel, and hereby submit the following Complaint at law, to be answered in accordance with, and pursuant to the time constraints of, the Alabama Rules of Civil Procedure.

### STATEMENT OF THE PARTIES

1. Plaintiff, Investors Capital Corp. (hereinafter "ICC"), is an Alabama corporation doing business by agent in Barbour County, Alabama at all times relevant hereto.

2. Plaintiff, Oke Ananaba (hereinafter "Ananaba"), is over the age of nineteen years and is a resident citizen of the State of Tennessee.

3. Defendant, Duncan-Williams, Inc. (hereinafter "Duncan-Williams"), is a Tennessee corporation.

4. Defendant, E-D Capital, Inc. (hereinafter "E-D Capital"), is a Tennessee corporation.

5. Fictitious Defendants "A", "B" and "C" are those other corporations, persons, and/or

**EXHIBIT A**

other legal entities whose identities are as of yet unknown to the Plaintiffs, but which will be supplemented by amendment hereto once ascertained.

## STATEMENT OF THE FACTS

6.  Financial Brokers of America, LLC (hereinafter "FBA"), was a commercial loan brokerage firm located in Eufaula, Alabama.

7.  FBA's primary source of business involved locating willing lenders for would-be commercial lendees, and "underwriting" the commercial loan applications (i.e. preparation and processing of all necessary documentation, loan information, and financial data required by the lenders). FBA's profits were realized in the form of premiums paid by the lenders, usually approximately 2% to 6% of the loan amount. Typically, these loans were then securitized by the various lenders and sold to other entities, but without the realization of any further profits or payments to FBA. Loans underwritten by FBA typically ranged anywhere from $100,000 to $15 million, and FBA was brought this business by a vast network of hundreds of commercial and residential loan brokers across the nation—a network which took FBA many years to build.

8.  Duncan-Williams is an investment banking firm located in Memphis, Tennessee.

9.  In 2003, representatives of Duncan-Williams presented FBA with a proposal: instead of FBA underwriting and selling loans to its customary lenders, Duncan-Williams proposed that FBA instead underwrite loans which Duncan-Williams would fund, paying FBA the usual 2% to 6% premium on each such loan. The incentive for FBA rested in Duncan-Williams' agreement to share evenly with FBA the profits from securitization and re-sale of those loans, thus creating the opportunity for FBA to earn an additional 1% to 3% on each loan.

2

10. Both FBA and Duncan-Williams were interested in doing business, so each of them set about establishing the details and parameters of their agreement. Specifically, it was FBA's task to develop the Loan Program. This document, which took eight months to construct, outlined all of the project's details: what types of loans were to be considered, the financial parameters with which the applications must conform, the protocols used for the submission and underwriting of these loan applications—even the brand and color of the binders in which the applications were to be submitted.

11. Meanwhile, Duncan-Williams was purportedly in the process of reserving, securing, and/or otherwise appropriating sufficient capital with which it was to fund the loans submitted by FBA. It was mutually agreed that at least $25 million dollars would be set aside to fund the initial loans.

12. The principals of FBA incorporated a new business, Investors Capital Corp. (hereinafter "ICC"), which for marketing and other strategic purposes was to assume FBA's role in this program. Thus, eventually all of FBA's assets, employees, etc. were acquired by ICC, and it was ICC with whom the Defendants dealt with and contracted with from that point forward, as described more fully herein below.

13. For reasons unknown to the Plaintiffs, the officers and/or principals of Duncan-Williams formed a new corporation, E-D Capital, Inc., through which some of the business relative to this transaction was conducted. At all times relevant hereto, and in regard to all transactions relevant hereto, Duncan-Williams and E-D Capital (hereinafter referred to as "the Defendants") acted as joint venturists, each acting as agent for the other.

14. In or around December 2003, the Defendants notified ICC of their agreement to the terms of the Loan Program, informed ICC that the $25 million line of credit had been secured.

3

and requested that ICC begin underwriting and submitting loan applications.

15. ICC contacted its network of brokers in order to publicize the availability of this new Loan Program, and response was almost immediate. Within approximately thirty (30) days, ICC had submitted approximately $8 million in commercial loan applications, and over the course of the following several months, ICC submitted loan applications totaling approximately $30 million.

16. Despite the great care and expertise ICC showed in making sure that each of the submitted applications fell squarely within the underwriting parameters defined by the Loan Program, the Defendants failed and/or refused to fund and close any of the loans. Rather, Duncan-Williams repeatedly returned to ICC and requested additional information which was not required per the agreed-upon Loan Program, much of which information was completely irrelevant to the transaction at issue.

17. Nonetheless, ICC routinely obliged the Defendants' requests and provided whatever information was requested. Still, the Defendants continually failed and/or refused to fund and close any of the loans.

18. For obvious reasons, ICC began to hear significant complaints from its commercial loan applicants, as well as the brokers who had referred the applicants to ICC. One such broker, Plaintiff Oke Ananaba, referred several would-be lendees to ICC in reliance upon assurances that the loans would be competently processed, underwritten and funded in a timely manner, assuming the loans fell within the described parameters of the Program.

19. Each of the would-be loans referred by Ananaba were intended to fund business transactions in which time was of the essence, and any unreasonable delays in closing said loans placed the underlying transactions in jeopardy. This was true of most of the

4

loan applications submitted to the Defendants by ICC, which is why the pressure upon ICC had become extreme when, as of June of 2004, the Defendants had still failed and/or refused to fund and close any loans.

20. As a result of the disagreements between the parties over whether these loans fell squarely within the accepted parameters as defined by the Loan Program, ICC and the Defendants agreed to submit some of the loan applications to Clayton, a third party company which specializes in commercial loan review and analysis. The Defendants assured ICC that, if Clayton approved the loan applications, the Defendants would fund and close them.

21. Clayton's analysis of the submitted loans resulted in a finding that each was a suitable transaction which fell squarely within the parameters of the Loan Program. Still, the Defendants failed and/or refused to fund and close any of the loans.

22. Meanwhile, repercussions were being felt all down the line. The business transactions underlying the various loan applications were becoming stale and, in some cases, dying altogether. The loan applicants were complaining bitterly to their respective brokers, who were in turn complaining bitterly to ICC, who simply had no answers to give.

23. Eventually, and for no apparent reason, the Defendants notified ICC that the Program was being terminated and that no further applications were to be submitted. No loans were ever funded by the Defendants.

## COUNT ONE
## BREACH OF CONTRACT

24. Plaintiffs re-allege all prior paragraphs as if set out here in full.

25. The Defendants entered into a legally binding agreement with ICC, as outlined in detail

above, whereby the Defendants promised to purchase and/or fund commercial loans submitted to the Defendants by ICC when such loans comported to the requirements of the Loan Program defined by and agreed upon by ICC and the Defendants.

26.    ICC performed its obligations pursuant to this agreement by competently processing and/or underwriting said loan applications, and by submitting said loans to the Defendants for funding rather than to ICC's customary lenders.

27.    The Defendants breached said agreement by failing and/or refusing to fund any of the otherwise acceptable loan applications submitted by ICC.

28.    As a direct and proximate result of Defendants' breach of contract, ICC was damaged as described more fully herein below.

## COUNT TWO
## PROMISSORY FRAUD

29.    Plaintiffs re-allege all prior paragraphs as if set out here in full.

30.    The Defendants, through their respective agents, fraudulently represented to ICC that the Defendants intended to abide in good faith by their agreement with ICC, and that the Defendants would purchase and/or fund any commercial loans and/or loan applications which were in compliance with the parameters defined within the Loan Program.

31.    The Defendants, at the time of said representations and at all other times relevant hereto, never intended to abide in good faith by their agreement and/or fund any loans submitted by ICC, whether or not said loans were in compliance with the Program.

32.    ICC relied upon the Defendants' representations by undertaking to develop the complex Loan Program, solicit loan applicants, underwrite and process applications, and by submitting those applications to the Defendants for funding rather than to ICC's

6

customary lenders.

33. Oke Ananaba relied upon the fraudulent promises made by the Defendants to ICC by referring several would-be lendees to ICC in reliance upon Defendants' assurances that the loans would be underwritten and funded in a timely manner, assuming the loans fell within the described parameters of the Program.

34. As a direct and proximate result of the Defendants' fraudulent representations, the Plaintiffs were damaged as described more fully herein below.

## COUNT THREE
## NEGLIGENCE, WANTONNESS AND/OR WILLFULNESS

35. Plaintiffs re-allege all prior paragraphs as if set out here in full.

36. The Defendants owed the Plaintiffs a duty of reasonable care in their receipt, review, assessment, and determination of the suitability of the loan applications which were processed and submitted by ICC.

37. The Defendants negligently, wantonly and/or willfully breached said duty of reasonable care.

38. As a direct and proximate result of the Defendants' actions, the Plaintiffs were damaged as described more fully herein below.

## COUNT FOUR
## CONSPIRACY

39. Plaintiffs re-allege all prior paragraphs as if set out here in full.

40. The Defendants conspired with one another to commit the tortuous acts as described herein above.

41. As a direct and proximate result of Defendants' conspiratorial conduct, the Plaintiffs were damages as described more fully herein below.

7

## DAMAGES

42.   Plaintiffs re-allege all prior paragraphs as if set out here in full.

43.   As a direct and proximate result of Defendants' conduct as outlined above, ICC was caused to suffer the following damages:

   a.   Lost commissions from those loans which Defendants failed and/or refused to fund;

   b.   Lost commissions from the re-sale of those loans which Defendants failed and/or refused to fund;

   c.   Lost money from the investment of time, money and resources by ICC towards this project;

   d.   Lost money from the payout and settlement of claims made upon and/or against ICC and its principals by loan applicants and/or their respective brokers as a result of the Defendants' failure and/or refusal to fund said loans;

   e.   Lost profits, both past and future, resulting from the diminishment of ICC's reputation and good will within the commercial loan industry.

44.   As a direct and proximate result of Defendants' conduct as outlined above, Oke Ananaba was caused to suffer the following damages:

   a.   Lost commissions from those loans which Defendants failed and/or refused to fund;

   b.   Lost money from the investment of time, money and resources by Ananaba towards this project;

   c.   Lost profits, both past and future, resulting from the diminishment of Ananaba's reputation and good will within the commercial loan brokerage industry.

8

## PRAYER FOR RELIEF

45.    Wherefore, the above premises considered, the Plaintiffs demand judgment against the

Defendants for both compensatory and punitive damages in an amount to be determined

by a jury, as well as any and all other equitable relief deemed appropriate by this Court.

Respectfully submitted this the _____ day of _____, 2006.

## JURY TRIAL DEMANDED ON ALL COUNTS SO TRIABLE.

MORRIS, CARY, ANDREWS, TALMADGE,
JONES & DRIGGERS, LLC

_____
M. Adam Jones (JON-126)
Attorney for the Plaintiffs

Of Counsel:
P.O. Box 1649
3334 Ross Clark Circle
Dothan, AL 36302
Tel: 334-792-1420
Fax: 334-673-0077
ajones@mcatlaw.com

PENN & SEABORN

_____
Shane Seaborn (SEA027)
Attorney for the Plaintiffs

9

Of Counsel:
P.O. Box 688
Clayton, Al 36016
Tel: 334-755-9778
sseaborn1@yahoo.com

Serve Defendants at:

Duncan-Williams, Inc.
c/o Williams Holding Company
6750 Poplar Avenue
Suite 300
Memphis, TN 38138-7424

E-D Capital, Inc.
c/o Donald A. Malmo
6750 Poplar Avenue
Suite 300
Memphis, TN 38138-7424

IN THE CIRCUIT COURT FOR BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

INVESTORS CAPITAL CORP.; and )
OKE ANANABA; )
)
    Plaintiffs, )
)
vs. )    Case No. CV-2006-42
)
DUNCAN-WILLIAMS, INC.; )
E-D CAPITAL, INC.; and )    JURY TRIAL DEMANDED
Fictitous Defendants "A", "B" and "C", )
being those corporations, persons, and/or )
other legal entities whose identities are )
as of yet unknown to the Plaintiffs, )
)
    Defendants. )
)

FILED
MAR 2 ? 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## PLAINTIFFS' FIRST CONSOLIDATED DISCOVERY REQUESTS TO E-D CAPITAL, INC.

COMES NOW the Plaintiff in the above-styled matter, by and through counsel, and hereby propounds the following interrogatories upon the Defendant, E-D Capital, Inc., to be answered pursuant to and in accordance with the time constraints and provisions of the *Alabama Rules of Civil Procedure.*

## DEFINITIONS

Plaintiff sets forth the following definitions of various words and phrases which are contained in the attached interrogatories. Plaintiff provides the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Defendants understand the objectives of these discovery efforts and to locate and furnish the relative information.

(a) "Documents" shall mean, refer to, and include every original and non-identical

copy of each and every paper, writing (including blind copies), invoice, statement, bill, voucher, ledger, sheet, letter, telegram, picture, photograph, negative, slide, movie, film, visual or audio transcription report, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report or other document as herein defined), contract, agreement, form, worksheet, daily and weekly time sheet, expense ledger, check (canceled or otherwise), check stub, receipt, memorandum of telephone conversation or other conversation, witness (including, but not limited to, potential witnesses), interview, sound recordings, sound recording transcription, intra office and/or inter-company memorandum, engineering study, cross sections, expert analysis, computer printout, book of account, payroll record, minutes, diaries (both company and personal), log, file card, evidence of expenses incurred, work memorandum, report of investigation and/or inspection, file memorandum, bid, request for proposal, proposal, record brochure, book, microfilm, proposal, lists paper containing information, date stored or recorded on or in punch cards, computer tapes, disks, reels, other devices for business machines, other means of storing and/or transmitting human intelligence, transcripts, affidavits, pleadings, answers to interrogatories, response to request for admissions (whether in this proceeding or any other), and printed or readable material and any and all other tangible or intangible data or matter.

(b) "Plaintiff" shall mean and refer to Investors Capital Corp., Financial Brokers of America, LLC, and Oke Ananaba, interchangeably.

(c) "Defendant" shall mean and refer to Duncan-Williams, Inc. and E-D Capital, Inc., interchangeably.

(d) "Relates to" or "relating to" means constitutes, contains, embodies, records, reflects, identifies, states, refers to, deals with or is pertinent to.

(e) "Identify" when used with respect to a natural person means to state that person's full name, present address, telephone number, present title, all titles held by that person during the period covered by the Complaint and the dates those titles were held. When used with respect to a person other than a natural person, "identify" means to state that person's full name and type of organization, the complete address of its principal place of business and, if known, its jurisdiction and the place of its incorporation or organization.

NOTE: In answering these Interrogatories, you are required to furnish all information and documents that are available to you or subject to your reasonable inquiry, including information and documents in the possession of your attorneys, accountants, advisers, subsidiaries, affiliates or other persons directly or indirectly employed by, or connected with, you or your attorneys, or anyone else otherwise subject to your control, whether or not such knowledge comes from hearsay information. If these Interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information or knowledge you have regarding the unanswered part.

## INTERROGATORIES

1.    Please state the name, date of birth, social security number, occupation, title and/or position, of the person(s) answering these Interrogatories on behalf of this Defendant.

2.    State the name, address and telephone number, or information for the location of, every person, including every witness known to or reasonably believed by you, your agents or attorneys, to have any knowledge, or purport to have any knowledge, concerning any fact pertaining to this controversy, and specify the subject matter about which such person has knowledge.

3.    List each state in which this Defendant is licensed to do business.

4.    List each parent or holding company, subsidiary company, and unincorporated division for E-D Capital, Inc., along with the address for each such company/division's principle place of business.

5.    State the name, address or last known address, telephone number, employer, title and/or position of the person or persons who have had any responsibilities whatsoever with the handling, servicing, and/or negotiation of the Loan Program involving the Plaintiffs which is more fully described in the Complaint.

6.    State the name, address or last known address, telephone number, employer, title and/or position of each and every person who has, within the past ten (10) years, underwritten, securitized, marketed and/or sold commercial loans on behalf of, or at the direction of, the Defendant.

7.    State the name, address or last known address, telephone number, employer, title and/or position of each and every person who has, within the past ten (10) years, been responsible for the training of any persons identified in your answer to number 6. above.

8.    Describe in detail the reason(s) why the Defendants failed and/or refused to fund and/or purchase each respective loan submitted by the Plaintiffs, as described more fully in the Complaint.

9.    Has there been a reorganization of the structure of this Defendant within the past ten (10) years? If so, please give a detailed description of any such reorganization.

10.    State whether you intend to call any expert witness at the trial of this case and, if so, please:

a.    State the name, address, and telephone number of each witness;

b.    Provide a copy of each witness' qualifications and curriculum vitae;

    c.    State the subject matter upon which any witness may be expected to testify;

    d.    State the substance of the facts and opinions to which he/she is expected to testify;

    e.    Give a summary of the grounds for each opinion;

    f.    Provide any and all documents, publications, studies, treaties, handbooks, or other materials relied upon by each witness in the formation of his/her opinion;

    g.    State whether the witness has offered expert testimony within the past five (5) years and, if so, state the style of the case, the venue of the case, the subject matter, the outcome, and whether the witness was hired by the plaintiff or the defendant;

    h.    State the rate of pay to the expert.

11.    State the name, address or last known address, and telephone number of each and every corporation, person and/or other legal entity from which you have purchased and/or funded commercial loans within the past ten (10) years.

12.    State the name, address or last known address, and telephone number of each and every corporation, person and/or other legal entity to which you have sold commercial loans within the past ten (10) years.

13.    State the time and date of each and every instance you have had a conversation with the Plaintiff, or anyone acting on behalf of the Plaintiff, in relation to the claims made the basis of this lawsuit, and for each such conversation please give the name, address or last known address, telephone number, employer, title and/or position of each party to each conversation, as well as a detailed description of the subject matter of each conversation.

14.    Do you have insurance coverage for the claims made the basis of this lawsuit? If so, please list the amounts of any such coverage, including secondary coverage, along with

any deductible amounts applicable to any such coverage.

15.   Please provide a detailed description of any and all agreements ever entered into between the Defendants and the Plaintiffs. Please include in your answer a complete and detailed description of the Loan Program described in, and made the basis of, the present lawsuit.

16.   For each and every time this Defendant has ever been sued within the past ten (10) years, whether in an arbitration or a court of law, please state:

     a.   the name, address or last known address, telephone number, employer, title and/or position of the plaintiff/claimant;

     b.   the nature of the suit and the allegations made therein;

     c.   the court, arbitrator and/or panel before which each such suit or claim was held, along with case number;

     d.   the name, address or last known address, and telephone number for the attorney representing the plaintiff/claimant;

     e.   the outcome and/or disposition of each such claim, including the amounts of any judgments and/or settlements paid which are not subject to legitimate confidentiality agreements.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

COMES NOW the Plaintiffs and propounds the following request for production of documents pursuant to the *Alabama Rules of Civil Procedure*.

1.   Please provide copies of all documents relating or referring in any way to the Plaintiffs.

2.   Please provide copies of all documents ever submitted and/or sent by the Plaintiffs to the Defendants.

3.   Please provide copies of all documents ever submitted and/or sent by the Defendants to the Plaintiffs.

6

4.    Please provide copies of all documents revealing complaints and/or lawsuits made or filed against you within the past ten (10) years.

5.    Please produce all printable information from any computer system to which you have access which pertains in any way to Plaintiffs

6.    Please provide copies of all sales brochures, manuals, directives, handbooks, bulletins or other documents relating to the Loan Program described in, and made the basis of, the Complaint.

7.    Please provide copies of all written agreements entered into between the parties, as well as copies of all unsigned drafts of any such agreements.

8.    Please provide a copy of any and all policies of insurance owned by you which you contend provide coverage for the claims made the basis of this lawsuit.

9.    Please provide your complete file on each and every commercial loan and/or loan application submitted and/or sent to you by the Plaintiffs.

10.    Please provide a copy of all interoffice correspondence, memoranda, emails, and/or any other communications between the Defendants and/or their agents and/or employees relating or referring in any way to the Plaintiffs, any agreements and/or contracts entered into or discussed between the parties, and/or the Loan Program made the basis of, and described more fully in, the Complaint.


Respectfully submitted this the _____ day of _____, 2006.


7

MORRIS, CARY, ANDREWS, TALMADGE,
JONES & DRIGGERS, LLC


M. ADAM JONES (JON-126)
Attorney for the Plaintiffs

Of Counsel:
P.O. Box 1649
3334 Ross Clark Circle
Dothan, AL 36302
Tel: 334-792-1420
Fax: 334-673-0077
ajones@mcatlaw.com


## TO BE SERVED SIMULTANEOUSLY WITH THE COMPLAINT.

8

IN THE CIRCUIT COURT FOR
BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

INVESTORS CAPITAL CORP.; and )
OKE ANANABA; )
                                    )
Plaintiffs, )
                                    )
vs. ) Case No. CV-2006-___
                                    )
DUNCAN-WILLIAMS, INC.; )
E-D CAPITAL, INC.; and )
Fictitous Defendants "A", "B" and "C", )
being those corporations, persons, and/or )
other legal entities whose identities are )
as of yet unknown to the Plaintiffs, )
                                    )
Defendants. )
                                    )

FILED
MAR 2 1 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

<u>CIVIL SUMMONS</u>

NOTICE TO:      Duncan-Williams, Inc.
                c/o Williams Holding Company
                6750 Poplar Avenue
                Suite 300
                Memphis, TN 38138-7424


                E-D Capital, Inc.
                c/o Donald A. Malmo
                6750 Poplar Avenue
                Suite 300
                Memphis, TN 38138-7424


      The Complaint which is attached to this summons is important and you must take
immediate action to protect your rights. You or your attorney are required to mail or
hand deliver a copy of a written answer, either admitting or denying each allegation in the
complaint to the Plaintiff's Attorney, M. ADAM JONES, whose address is



MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC
P.O. BOX 1649
3334 Ross Clark Circle
DOTHAN, ALABAMA 36302

This answer must be mailed or delivered within **30 days** after this summons and complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the complaint. You must also file the original of your answer with the Clerk of this court.

☐     TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐     This service by certified mail of this summons is initiated upon the written request of DAN TALMADGE pursuant to Rule 4.1(c ) of the Alabama Rules of Civil Procedure.

3-21-06
_____
Date

_____
Clerk/Register

RETURN ON SERVICE:

☐     Certified    Mail    return    receipt    received    in    this    office    on
_____ (Return receipt hereto attached).

☐     I certify that I personally delivered a copy of the summons and Complaint to

in _____                    County,    Alabama    on
_____ (Date).

_____
Date

_____
Server Signature

_____
Address of Server

_____
Type of Process Server

IN THE CIRCUIT COURT FOR BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

INVESTORS CAPITAL CORP.; and )
OKE ANANABA; )
                                            )
Plaintiffs, )
                                            )
vs. )
) Case No. CV-2006-42
                                            )
DUNCAN-WILLIAMS, INC.; )
E-D CAPITAL, INC.; and )
Fictitous Defendants "A", "B" and "C", )
being those corporations, persons, and/or )
other legal entities whose identities are )
as of yet unknown to the Plaintiffs, )
                                            )
Defendants. )
_____ )

FILED
MAR 2 1 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## NOTICE TO TAKE
## DEPOSITION UPON ORAL EXAMINATION

TO:    E-D Capital, Inc.
       c/o Donald A. Malmo
       6750 Poplar Avenue
       Suite 300
       Memphis, TN 38138-7424

**PLEASE TAKE NOTICE**  that at the date, time and place indicated below, the Plaintiff in the above styled cause, Investors Capital Corporation, Inc., pursuant to Rule 30(b)(6), will take the deposition of that employee(s) and/or representative(s) of **E-D Capital, Inc.**, who possess(es) the most knowledge of the subject matters identified in the Complaint, attached hereto.  This deposition will be taken upon oral examination for the purpose of discovery, or for use as evidence in this action, or for both purposes, before an officer authorized by law to administer oaths.  The said oral examination will continue from time to time until completed.  Said individual whose deposition is being taken is hereby notified to appear for said deposition.

PLACE:        To Be Announced

DATE:         To Be Announced

TIME:         To Be Announced



M. ADAM JONES (JON-126)
Attorney for the Plaintiff

Of Counsel:
MORRIS, CARY, ANDREWS,
TALMADGE, JONES & DRIGGERS LLC
3334 Ross Clark Circle
P.O. Box 1649
Dothan, AL 36302
Tel: 334-792-1420

### PLAINTIFF REQUESTS THAT THIS DEPOSITION NOTICE BE SERVED TO DEFENDANT ALONG WITH THE COMPLAINT FILED HEREIN.