IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| INVESTORS CAPITAL CORP.; and ) | |
| OKE ANANABA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2006: CV 382-ID |
| ) | |
| DUNCAN-WILLIAMS, INC.; ) | |
| E-D CAPITAL, INC.; ) | |
| ) | |
| Defendants. ) | |

**DUNCAN-WILLIAMS, INC. AND E-D CAPITAL, INC.'S
MOTION TO DISMISS CLAIMS FILED BY OKE ANANABA**

Defendants Duncan-Williams, Inc. and E-D Capital, Inc., pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss the claims filed against them by Plaintiff Oke Ananaba ("Mr. Ananaba"). In support of their Motion, Defendants state as follows:

1.  Plaintiffs Investors Capital Corp. ("ICC") and Oke Ananaba initiated this action in the Circuit Court of Barbour County, Alabama on March 21, 2006. On April 26, 2006, Defendants removed this matter pursuant to 28 U.S.C. § 1446.

2.  This case arises from a loan funding arrangement that existed between E-D Capital and ICC. Complaint ¶¶ 10, 14. The loan funding arrangement referenced in the Complaint was reduced to writing in a letter agreement dated May 6, 2004 between ICC and E-D Capital, attached hereto as Exhibit A.[1] The letter agreement gave E-D Capital a right of first

---

[1] A court may review a document attached as an exhibit to a motion to dismiss when the document is referenced in the complaint, is central to the claims asserted, and is undisputed. *See, e.g. Reynolds v. Gables Residential Services, Inc.*, 2006 WL 1101614 at *2 (M.D. Fla. 2006) (*citing Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 n. 6 (11th Cir. 1999) and *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). Judicial consideration of a

refusal to purchase mortgage loans originated by ICC that conformed to certain stated industry guidelines. *Id.*

3. Mr. Ananaba was not a party to the agreement, nor was he identified by name or description as a participant in the loan funding arrangement. *Id.* Thus, Duncan-Williams and E-D Capital had no reason to contemplate that Mr. Ananaba or a loan broker like Mr. Ananaba would have any role in the ICC loan funding arrangement.

4. In the Complaint, Mr. Ananaba claims that he "referred several would-be lendees to ICC" for E-D Capital's consideration per the loan funding arrangement. Complaint ¶ 18. He alleges that he solicited loan applications for ICC because he "relied upon the fraudulent promises made by the Defendants to ICC." Complaint ¶ 33.

5. Mr. Ananaba has not stated a claim for promissory fraud against Defendants. To prevail on a promissory fraud claim under Alabama law, a plaintiff must demonstrate: "[1] a false representation [2] of a material existing fact [3] reasonably relied upon by the plaintiff [4] who suffered damage as a proximate consequence of the misrepresentation") and must also offer "proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised" and "that the defendant had an intent to deceive." *Teitel v. Wal-Mart Stores, Inc.*, 287 F. Supp. 2d 1268, 1283 (M.D. Ala. 2003) (*quoting Padgett v. Hughes*, 535 So. 2d 140, 142 (Ala. 1988)).

6. Mr. Ananaba has not stated a claim for promissory fraud against Defendants because he has not identified and cannot identify a single representation – much less a *false* representation – that Defendants made to him. He does not allege any facts explaining why he reasonably relied upon the statement of a third party with which he has never communicated.

---

document under these circumstances does not convert the dismissal motion to one for summary judgment under Rule 56(f).

Furthermore, Mr. Ananaba does not allege facts demonstrating that Defendants made any false representation about a future act with a present intent to deceive anyone. It is not enough for a plaintiff alleging promissory fraud to show that the promise was not kept. *See Goodyear Tire & Rubber Co. v. Washington*, 719 So. 2d 774, 776 (Ala. 1998). Instead, a plaintiff must prove with "substantial evidence that when the defendant made the promise[,] he or she intended to deceive." *Teitel v. Wal-Mart Stores, Inc.* at 1283 (*quoting Goodyear Tire & Rubber Co. v. Washington* at 776)).

7. As noted above, Mr. Ananaba does not allege that E-D Capital made any representation directly to him. Rather, he alleges that he relied on what ICC told him that E-D Capital allegedly said about the loan program. In situations where a "'third-party' fraudulent misrepresentation is alleged, statements to persons other than the plaintiff will support the fraud allegations only when there is sufficient evidence of an intent on the part of the speaker to communicate to the third party in such a way as to induce the plaintiff to act." *Seward v. Dickerson*, 844 So.2d 1207, 1212 (Ala. 2002) (*citing Thomas v. Halstead*, 605 So.2d 1181, 1185-85 (Ala. 1992)). In these cases, it is still incumbent upon the plaintiff to show reliance upon the alleged misrepresentation. *See Delta Health Group v. Stafford*, 887 So. 2d 887, 899 (Ala. 2004).

8. Mr. Ananaba has not alleged that Defendants made any representations to ICC or anyone else with the intent to induce Mr. Ananaba to take any action. The terms of the May 6, 2004 letter agreement reflect that Defendants had no reason to contemplate that Mr. Ananaba or any other third party would have any role in the ICC loan funding arrangement. E-D Capital only bargained for a right of first refusal on certain mortgage loans that were to be originated by ICC. Accordingly, Mr. Ananaba does not state an actionable claim against Defendants for promissory fraud.

9. Moreover, Mr. Ananaba fails to plead his promissory fraud claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The complaint does not state with particularity:

- what specific statements were made to him by ICC about statements allegedly made by Defendants;

- how any such statements were communicated to him;

- when any such statements were communicated to him;

- what specific actions he took in response to any such communications.

Mr. Ananaba's failure to allege such facts in support of his claim that Defendants intended to deceive him is fatal to his claim under Rule 9(b). *See Clausen v. Laboratory Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002) (Noting that the 11th Circuit has "endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards." In the 11th Circuit, "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud").

10. Mr. Ananaba next claims that Defendants "owed [him] a duty of care in their receipt, review, assessment, and determination of the suitability of the loan applications which were processed and submitted by ICC" and that the Defendants "negligently, wantonly and/or willfully breached said duty of reasonable care." Complaint ¶¶ 36-37.

11. In order to state a claim for negligence, a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff. *See Riley v. Fairbanks Capital Corp.*, 2006 WL 317242

at *5 (M.D. Ala. 2006). "Wantonness involves the 'conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.' ") (*quoting Alfa Mut. Ins. Co. v. Roush*, 723 So.2d 1250, 1256 (Ala.1998)) (emphasis omitted).

12.     Mr. Ananaba has failed to state a claim for negligence, wantonness or willfulness against Defendants because he has not articulated any duty that Defendants owed him or how any such duty arose. The absence of any duty on the part of Defendants to Mr. Ananaba is confirmed by the May 6, 2004 letter agreement, which does not even refer to Mr. Ananaba or contemplate any loan originator other than ICC. Thus, Mr. Ananaba was neither a direct nor foreseeable participant in the loan program, so Defendants did not owe him any duty. Without the existence of a duty, Mr. Ananaba cannot state an actionable claim for negligence, wantonness, or willfulness.

13.     Mr. Ananaba also attempts to state a claim for conspiracy. Complaint ¶ 40. Alabama courts have long recognized that "the tort of conspiracy fails if liability is unavailable in the underlying tort which is the aim of the alleged conspiracy." *Shook v. St. Bede School*, 74 F. Supp. 2d 1172, 1180 (M.D. Ala. 1999). As previously discussed, Mr. Ananaba cannot point to any underlying tort that Defendants have committed against him. Thus, he cannot state a cause of action for civil conspiracy.

WHEREFORE Defendants Duncan-Williams, Inc. and E-D Capital, Inc. respectfully request that their Motion to Dismiss be granted and that Plaintiff Oke Ananaba's Complaint be dismissed with prejudice.

Respectfully submitted,

/s/John N. Bolus
Luther M. Dorr, Jr.
Melinda J. Lucas
John N. Bolus

Attorneys for Duncan Williams, Inc. and
E-D Capital, Inc.

**OF COUNSEL:**
**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: 205.254.1000
Facsimile: 205.254.1999

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the above and foregoing upon all parties to this cause by depositing a copy of the same in the United States mail, first-class postage prepaid this the 3rd day of May, 2006, to the following:

M. Adam Jones
Morris, Cary, Andrews, Talmadge, Jones & Driggers, LLC
P.O. Box 1649
3334 Ross Clark Circle
Dothan, AL 36302

Shane Seaborn
P.O. Box 688
Clayton, AL 36016

/s/John N. Bolus
OF COUNSEL