IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **INVESTORS CAPITAL CORP.; and OKE ANANABA,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) Case No. 2:06-cv-0382-ID-SRW |
| **DUNCAN-WILLIAMS, INC.; E-D CAPITAL, INC.; et al.,** | ) ) ) |
| **Defendants.** | ) ) ) |

**PLAINTIFF'S, OKE ANANABA'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff Oke Ananaba and hereby submits this, his Response in Opposition to Defendants' Motion to Dismiss, and as grounds herefor shows unto the Court as follows:

1. Oke Ananaba states three causes of action against the Defendants: 1) promissory fraud, 2) negligence, wantonness and/or willfulness, and 3) conspiracy. The Defendants argue that Ananaba has been fraudulently joined to this suit insofar as none of these causes of action are colorable under either Alabama or Tennessee law. The common thread to all of Defendants' arguments is the assertion that Ananaba was an unintended and unforeseeable third party.

2. Attached hereto as Exhibit A is the affidavit of Ronnie Weeks, principal and co-owner of Investors Capital Corp. (hereinafter "ICC"); and attached hereto as Exhibit B is the affidavit of Jeff Wheatley. These affidavits are also attached to Plaintiffs' Motion to Remand (filed contemporaneously herewith) as Exhibits D and E, respectively, and their

contents are set out in detail within Plaintiffs' Brief in Support of Motion to Remand (also filed contemporaneously herewith). Thus, for the sake of judicial economy, Plaintiff will not again set out in detail the contents of these affidavits but, rather, will merely refer this Honorable Court to same.

3.  Mr. Ananaba takes no issue with the Defendants' assertion that "Mr. Ananaba was not a party to the agreement, nor was he identified by name or description as a participant in the loan funding arrangement." (Deft.'s Motion to Dismiss, ¶ 3). The very next sentence in Defendant's Motion, however, bears a conclusion which can only be reached by ignoring many other facts and leaping over logic itself: "Thus, Duncan-Williams and E-D Capital had no reason to contemplate that Mr. Ananaba or a loan broker like Mr. Ananaba would have any role in the ICC loan funding arrangement." Id.

4.  At the risk of stating the obvious, just because Mr. Ananaba was not identified as a party to the agreement does not mean that the Defendants "had no reason to contemplate" that he, or others like him, "would have any role" in the loan program. Indeed, according to both Ronnie Weeks and Jeff Wheatley, the entire program was grounded upon the *expectation* that ICC could generate such large blocks of commercial loans via its nationwide network of referring brokers like Mr. Ananaba. (*See* Exhibits A and B; *and* Pltf.s' Brief in Support of Motion to Remand, pp.5-8).

5.  The Defendants argue, "It is not enough for a plaintiff alleging promissory fraud to show that the promise was not kept….Instead, a plaintiff must prove with 'substantial evidence that when the defendant made the promise[,] he or she intended to deceive.'" (Deft.'s Motion to Dismiss, ¶ 6, citations omitted). However, the cases cited by the Defendants make no comment whatsoever on whether or not promissory fraud claims

were sufficiently pled; rather they discuss whether or not the claims were sufficiently *proven* so as to defeat summary judgment. As this Court is aware, Mr. Ananaba is not required to prove anything in order to defeat the present Motion to Dismiss.

6.  In acknowledgement of the fact that Mr. Ananaba does not contend that the Defendants made misrepresentations directly to him but rather indirectly through ICC, the Defendants point out that plaintiffs in "third-party" fraud cases must show "an intent on the part of the speaker to communicate to the third party in such a way as to induce the plaintiff to act," and that "it is still incumbent upon the plaintiff to show reliance upon the alleged misrepresentation." (Deft.'s Motion to Dismiss, ¶ 7, citations omitted). However, all of the cases cited by the Defendants deal with the sufficiency of plaintiff's evidence at the summary judgment and/or trial stage. None of the cases stand for the proposition that, in order to sufficiently plead a claim for promissory fraud, a plaintiff must not only allege intent and reliance, but must present proof of them as well.

7.  The Defendants argue that Mr. Ananaba has failed to plead his promissory fraud claim with particularity as required by Rule 9(b). This obligatory argument can only be made with a blind eye to the wording of the Complaint, wherein the first twenty-three paragraphs set out in detail the who, what, when and where surrounding and giving rise to the loan program and its eventual collapse. In addition to these facts, the necessary elements of promissory fraud (i.e. misrepresentation, defendant's intent, plaintiff's reliance, damages, etc.) have all been pled. Paragraph 18 of the Complaint states:

> For obvious reasons, ICC began to hear significant complaints from its commercial loan applicants, as well as the brokers who had referred the applicants to ICC. One such broker, Plaintiff Oke Ananaba, referred several would-be lendees to ICC in reliance upon assurances that the loans would be competently processed, underwritten

    and funded in a timely manner, assuming the loans fell within the described parameters of the Program.

Paragraph 30 of the Complaint states:

    The Defendants, through their respective agents, fraudulently represented to ICC that the Defendants intended to abide in good faith by their agreement with ICC, and that the Defendants would purchase and/or fund any commercial loans and/or loan applications which were in compliance with the parameters defined within the Loan Program.

Paragraph 31 states:

    The Defendants, at the time of said representations and at all other times relevant hereto, never intended to abide in good faith by their agreement and/or fund any loans submitted by ICC, whether or not said loans were in compliance with the Program.

Paragraph 33 states:

    Oke Ananaba relied upon the fraudulent promises made by the Defendants to ICC by referring several would-be lendees to ICC in reliance upon Defendants' assurances that the loans would be underwritten and funded in a timely manner, assuming the loans fell within the described parameters of the Program.

8. It is clear from the face of the Complaint that Mr. Ananaba sues for the same fraudulent promises that ICC sues for (i.e. the Defendants' intentions never to fund any loans in the first place). Yet the Defendants have not filed a Motion to Dismiss ICC's promissory fraud claims. The reasoning should be apparent to the Court, as the present Motion to Dismiss has only been filed to bolster Defendant's claim of fraudulent joinder in its Notice of Removal.

9.      Next, the Defendants argue that Mr. Ananaba has failed to state a claim for negligence, wantonness or willfulness "because he has not articulated any duty that Defendants owed him or how any such duty arose." (Deft.'s Motion to Dismiss, ¶ 12). The Defendants fail to cite any authority for their assertion that a plaintiff must "articulate" a duty and/or how such a duty arose, ostensibly because no such authority exists. "Rule 8(a) requires only that the complaint provide 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Finklea v. United States, 2001 U.S. Dist. LEXIS 1183.

10.     "'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief." Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). "Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed." Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).

11.     The Defendants next point out the well-settled axiom of law that "the tort of conspiracy fails if liability is unavailable in the underlying tort which is the aim of the alleged conspiracy." (Deft.'s Motion to Dismiss, ¶ 13, citation omitted.) The Defendants then go on to argue that "Mr. Ananaba cannot point to any underlying tort that Defendants have committed against him….Thus, he cannot state a cause of action for civil conspiracy." Id. To the contrary, however, Ananaba has certainly stated colorable

causes of action against the Defendants, as described above; and any one of these causes of action would serve as a sufficient underlying tort for his conspiracy claim.

WHEREFORE, the above premises considered, Plaintiff Oke Ananaba respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss.

Respectfully submitted this the 24th day of May, 2006.

/s/ M. Adam Jones
M. ADAM JONES (JON-126)
Attorney for Plaintiffs

Of Counsel:

MORRIS, CARY, ANDREWS,
TALMADGE, JONES & DRIGGERS, LLC
3334 Ross Clark Circle
P.O. Box 1649
Dothan, AL 36302
Tel: 334-792-1420
Fax: 334-673-0077
ajones@mcatlaw.com

L. SHANE SEABORN (SEA-027)
PENN & SEABORN
P.O. Box 688
Clayton, Al 36016
Tel: 334-755-9778
sseaborn1@yahoo.com

**CERTIFICATE OF SERVICE**

       I hereby certify that I have, on May 24, 2006, served a copy of the foregoing pleading electronically via CM/ECF, and will send notification of such filing to:

Hon. Luther M. Dorr, Jr.
Hon. John N. Bolus
Hon. Melinda J. Lucas
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

                                           /s/ M. Adam Jones