**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **INVESTORS CAPITAL CORP.; and** | ) | |
| **OKE ANANABA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2006: CV 382-ID** |
| | ) | |
| **DUNCAN-WILLIAMS, INC.;** | ) | |
| **E-D CAPITAL, INC.;** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DUNCAN-WILLIAMS, INC. AND E-D CAPITAL, INC.'S**
**RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

Defendants Duncan-Williams, Inc. ("Duncan Williams") and E-D Capital, Inc. ("E-D Capital" and, together, "Defendants") hereby submit their response to Plaintiffs' Motion to Remand. Defendants state as follows:

1.     Defendants filed their Notice of Removal with this Court on April 26, 2006. As grounds for the Removal, Defendants pointed out that the Plaintiff Oke Ananaba had been fraudulently joined in order to destroy complete diversity between the real parties in interest. As noted in the Notice of Removal, the loan funding arrangement at issue was an agreement between E-D Capital and Plaintiff Investors Capital Corp. ("ICC") and was reduced to writing in a letter agreement dated May 6, 2004. (See Exhibit A to the Affidavit of A.O. Crihfield, which was attached to Defendants' Notice of Removal as Exhibit B. An additional copy of the agreement is attached hereto as Exhibit A for the Court's convenience). Mr. Ananaba was not a party to that agreement; nor was he identified in the document as a beneficiary of the agreement or a participant in the loan funding arrangement. Moreover, no employee, agent, or

representative of either Defendant has ever communicated with Mr. Ananaba about any subject. In fact, Defendants had never even heard of Mr. Ananaba until this lawsuit was filed.

2.     Defendants also filed a Motion to Dismiss Claims Filed by Oke Ananaba in which they demonstrated that Mr. Ananaba has not stated a claim against Defendants.  Specifically, Mr. Ananaba's promissory fraud claim is deficient because he failed to plead any of the essential elements of a promissory fraud claim.  Mr. Ananaba did not allege any representations – much less false representations – that Defendants made to him.  He did not allege any facts explaining why he reasonably relied upon the statement of a third party with which he has never communicated.  He also failed to allege facts demonstrating that Defendants made a false representation about a future act with an intent to deceive him.  Moreover, Mr. Ananaba's promissory fraud claim did not satisfy the Rule 9(b) requirement that fraud claims be stated with sufficient particularity.  In the Motion to Dismiss, Defendants also asserted that Mr. Ananaba failed to state claims for negligence and wantonness because he did not articulate any duty that Defendants owed him or how such duty arose.  Without the existence of a duty, neither a negligence nor a wantonness claim exists.  Finally, Mr. Ananaba's conspiracy allegation is due to be dismissed because he has not and cannot identify an underlying tort that Defendants have committed against him.

3.     Plaintiffs filed a Motion to Remand and a Response in Opposition to the Motion to Dismiss.  The materials Plaintiffs filed in conjunction with their Motion to Remand create a question of fact as to whether it was foreseeable that loan brokers such as Mr. Ananaba would participate in the loan funding arrangement.  Nevertheless, this Court is still the proper forum for this case.

4.      Plaintiffs have not adequately addressed the Statute of Frauds issue raised by Defendants.  The Statute of Frauds requires that contracts that have a stated term of more than one year be in writing.[1]  *See* Alabama Code § 8-9-2(1).[2]  Mr. Ananaba's promissory fraud claim is based on his assertion that he relied on allegedly fraudulent misrepresentations made by Defendants to ICC about the loan funding arrangement.   The representations Defendants made to ICC are set forth in a letter agreement which defines the terms of the loan funding arrangement between E-D Capital and ICC.  The  letter agreement specifically states that the arrangement was to last for a 3-year term.  As a result, the Statute of Frauds provides that only those terms reduced to writing are enforceable against E-D Capital.  The *Bruce v. Cole* case further provides that representations not reduced to writing cannot serve as the basis of a promissory fraud claim.  *See Bruce v.* Cole, 854 Ala. 47, 58 (Ala. 2004) ("[A]n oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud").   Therefore, ICC cannot pursue a promissory fraud claim as to the representations not reduced to writing.  Even more so, a third party such as Mr. Ananaba is precluded from pursuing a promissory fraud claim by these same principles.

5.      Although Plaintiffs argued that Defendants' application of the Statute of Fraud "defies all logic," this is, indeed, the only logical outcome.  Otherwise, an unknown third party claiming to have rights pursuant to an agreement subject to the Statute of Frauds would conceivably have more of a basis to file a promissory fraud claim than  the direct party to the agreement.  Without citing any authority for the proposition, Plaintiffs assert that Mr. Ananaba need only prove that a contract existed between ICC and Defendants in order to maintain his

---

[1] Mr. Ananaba did not join in ICC's breach of contract claim.

[2] To the extent that Tennessee law applies, Tennessee Code § 29-2-101 also requires that a contract for a stated term of more than one year must be written.

promissory fraud claim.  Plaintiffs are mistaken.  Because the letter agreement does not contain the representations alleged by the Plaintiffs, the Statute of Frauds operates to prohibit their claims – whether based on contract or promissory fraud – arising from the loan funding arrangement.

6.      As a result of this defect and for the additional reasons set forth in Defendants' Motion to Dismiss Claims Filed by Oke Ananaba, Mr. Ananaba does not have an actionable claim against Defendants.  Therefore, he should be dismissed as a party to this action, and the case should remain in this Court.

7.      Moreover, Mr. Ananaba should be dismissed as a party to this action because he does not have standing to assert the claims set forth in the Complaint.  The letter agreement between E-D Capital and ICC states that Tennessee law shall govern their dealings.  According to Tennessee Code Section 45-13-126(a), "[b]efore an individual may provide services as a mortgage loan originator for a licensee or registrant, that individual shall be registered with the commissioner in affiliation with that licensee or registrant."  Thus, based on this statute, Mr. Ananaba could only do business through a corporate loan origination entity.  If Mr. Ananaba had any loan brokerage dealings with E-D Capital, it was only in his capacity as a licensed representative of a loan brokerage entity.  Therefore, if there is any claim against E-D Capital, that claim belongs to the corporate entity and not to Mr. Ananaba individually.  Thus, Mr. Ananaba has no standing to pursue his claims against Defendants and is not a proper plaintiff in this action.

8.      For all of the reasons stated above, Mr. Ananaba should be dismissed as a plaintiff from this action.  To the extent this Court has any question about whether Mr. Ananaba has been

fraudulently joined, Defendants respectfully renew their request that the Court permit Defendants

to conduct limited jurisdictional discovery.

Respectfully submitted,

/s/ Melinda J. Lucas_____
Luther M. Dorr, Jr.
Melinda J. Lucas

Attorneys for Duncan Williams, Inc. and
E-D Capital, Inc.

**OF COUNSEL:**
**Maynard, Cooper & Gale, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:  205.254.1000
Facsimile:  205.254.1999

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the above and foregoing upon all parties to this cause by depositing a copy of the same in the United States mail, first-class postage prepaid this the 8th day of June, 2006, to the following:

M. Adam Jones
Morris, Cary, Andrews, Talmadge, Jones & Driggers, LLC
P.O. Box 1649
3334 Ross Clark Circle
Dothan, AL  36302

Shane Seaborn
P.O. Box 688
Clayton, AL  36016

/s/ Melinda J. Lucas_____
OF COUNSEL