# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **INVESTORS CAPITAL CORP., et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 2:06cv382-ID |
| | )               (WO) |
| **DUNCAN-WILLIAMS, INC., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Before the court is a motion to remand filed by Plaintiffs Investors Capital Corp. ("ICC") and Oke Ananaba ("Ananaba"). (Doc. No. 7.) Defendants Duncan-Williams, Inc., and E-D Capital, Inc., as the removing Defendants, filed a response in opposition to Plaintiffs' motion to remand. (Doc. No. 11.) Construing the facts in the light most favorable to Plaintiffs and having carefully considered the arguments of counsel, the submissions of the parties, and the relevant law, the court finds that Plaintiffs' motion to remand is due to be granted.[1]

---

[1] The party removing an action to federal court has the burden to establish federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Seroyer v. Pfizer, Inc., 991 F. Supp. 1308, 1312 (M.D. Ala. 1997). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." Seroyer, 991 F. Supp. at 1312 (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In determining the propriety of removal, the court evaluates the factual allegations and controlling law in the light most favorable to the plaintiff. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

In this lawsuit, ICC alleges that Defendants breached their obligations under a loan program to fund and syndicate mortgage loan applications brought to them by ICC. (Compl. ¶ 9.) ICC, joined by Ananaba (a loan broker), also asserts that Defendants made fraudulent promises to fund mortgage loans, negligently and/or willfully failed to procure funding for those loans, and conspired to commit fraud and/or negligence. Defendants removed this lawsuit to the United States District Court for the Middle District of Alabama on the theory that Ananaba, the only nondiverse plaintiff, has been fraudulently joined to defeat diversity jurisdiction. See 28 U.S.C. §§ 1332(a)(1), 1441.

Assuming without deciding that the principles of fraudulent joinder apply equally to the alleged fraudulent joinder of a plaintiff,[2] and having examined the allegations in the complaint, as well as the evidence submitted by the parties,[3] the court concludes that Defendants have not met their "heavy" burden of proving that the joinder of Ananaba is fraudulent. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The court concludes that a "possibility" exists, however slight, that Ananaba can recover on at least one of his causes of action against at least one of the

---

[2] Cf. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (holding that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action"); Hodach v. Caremark RX, Inc., 374 F. Supp.2d 1222, 1224 (N.D. Ga. 2005) (extending doctrine of fraudulent joinder to plaintiff and citing Tapscott, supra, as the "closest case" in point in the Eleventh Circuit); Miller v. Home Depot, U.S.A., Inc., 199 F. Supp.2d 502, 508 (W.D. La. 2001) ("The fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff.").

[3] Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

Defendants.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Cabalceta, 883 F.2d at 1561.  The court, therefore, finds that complete diversity is absent because Ananaba and Defendants are citizens of the same state.

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and ORDERED that Defendants' request for jurisdictional discovery be and the same is hereby DENIED.

DONE this 7th day of July, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE